ROWLAND JACOBS & *al.*, *in Equity, versus* LEROY COPELAND & *al.*, & *Trustees.*

In a trustee suit, the Court will not entertain a motion for a dismissal of the action, filed, on the eighth day of the second term, *suo motu*, or at the instance of his clients, in behalf of the trustees, by the attorney of the principal defendants, the trustees having counsel of their own who had prepared their disclosure.

Nor a motion for a discharge of the trustees upon their disclosure, filed under the same circumstances and by the same attorney.

ON EXCEPTIONS.

BILL IN EQUITY inserted in a trustee process, in which several persons therein named were summoned to answer as being trustees of the principal defendants.

On the eighth day of the second term, the principal defendants, by their attorney, appeared and filed a written motion praying that the "bill be dismissed as to said trustees," or "that said trustees be discharged from said process," for the reasons therein set forth. The presiding Judge inquired of the moving counsel if he appeared as the attorney of the

alleged trustees. He answered, that he had no authority from the alleged trustees themselves to answer for them. Whereupon the presiding Judge ruled, as matter of law, that the motion could not be entertained.

It appearing that one of the alleged trustees had appeared and filed his disclosure, disclosing his indebtedness *to the* principal defendants severally, in several sums, amounting to more than $6000, without asking to be discharged, or making any defence, the same counsel moved that said alleged trustee be discharged on his disclosure, which motion the presiding Judge declined to entertain for the same reason.

It appeared that E. Wilson, a counsellor of this county, had appeared for the alleged trustee and filed his disclosure, but was not present when the above motion was made.

The defendants excepted.

*Ruggles & Howes*, for the defendant.

*A. P. Gould*, for the complainants.

APPLETON, C. J.—This is a bill in equity inserted in a trustee writ. The counsel for the respondents filed a motion that the bill be dismissed as to the trustees. This motion was filed on the eighth day of the second term after the entry of the bill.

The fact asserted in and by the motion constitutes no bar to the plaintiffs' claim for relief. If it did, it should be embodied in the answer.

If it is to be regarded as a matter in abatement, it was not seasonably filed.

If it were otherwise, it is not perceived that the defendants or their attorney have any right to intervene in this way on behalf of the trustees. Persons summoned as trustees of the principal defendant are parties to the suit. *Dennison* v. *Benner*, 36 Maine, 227. The trustees appeared by counsel of their own selection. Their rights are separate and distinct from those of the principal defendants. They may well claim to be heard as to any adjudication affecting

those rights. They have presented no question for our decision. The ruling at *Nisi Prius*, that the attorney for the principal defendants had no right to appear *suo motu*, or at the instance of *his* clients, in behalf of the trustees, was correct, the trustees having their own counsel, whose name was on the docket, and by whom their disclosure had been prepared.

Upon the disclosure of the trustees, it will then be for us to consider, whether they can be legally summoned and adjudged trustees when the proceedings are on the equity side of the Court.                    *Exceptions overruled.*

CUTTING, DICKERSON, BARROWS and DANFORTH, JJ., concurred.